88 P.3d 764

**Jerrold GOLDMAN and Varda Goldman, husband and wife, Plaintiffs–Appellants,**

v.

**Stephen J. GRAHAM, O.D., Boston Eye Center, L.L.C., and Midwest Surgical Supply, a professional corporation, Defendants–Respondents.**

No. 29454.

Supreme Court of Idaho, Boise, March 2004 Term.

March 30, 2004.

E. Lee Schlender, Mountain Home, for appellants.

Hall, Farley, Oberrecht & Blanton, Boise, for respondents. Richard E. Hall argued.

KIDWELL, Justice.

Dr. Jerrold Goldman and his wife, Varda Goldman, (hereinafter "Goldman") sued Stephen J. Graham, O.D., Boston Eye Center, L.L.C. (collectively referred to as Dr. Graham), and Midwest Surgical Supply for negligence arising out of cataract surgery Dr. Graham performed on Dr. Goldman. Subsequent to filing their Complaint, the Goldmans filed two separate Motions to Amend their Complaint to add additional claims. The district court denied both of the Goldmans' Motions to Amend their Complaint and subsequently issued a Rule 54(b) certificate from which the Goldmans appealed to this Court seeking review of the district court's denial of their two Motions To Amend their Complaint. Because the I.R.C.P. 54(b) certificate was improperly granted, the appeal is dismissed.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 2000, Dr. Jerrold Goldman underwent cataract surgery performed by Dr. Stephen J. Graham, an ophthalmologist doing business as "Boston Eye Center." After the operation, Goldman developed an eye infection in the operated-on left eye. Goldman subsequently lost sight in his left eye.

On September 20, 2001, the Goldmans filed their Complaint and Demand for Jury Trial naming Stephen J. Graham, O.D., Boston Eye Center, L.L.C., and Midwest Surgical Supply as the defendants. The Complaint alleged claims against the defendants for negligence arising out of the cataract surgery performed by Dr. Graham.

On January 21, 2003, the Goldmans filed a Motion to Amend their Complaint to add claims of reckless conduct and punitive damages pursuant to I.C. § 6–1604. This Motion was denied by the district court in its Memorandum Decision and Order of February 6, 2003, on the grounds that the Amendment was prejudicial, untimely, and futile. The Goldmans then filed a second Motion to Amend their Complaint on February 12, 2003, to add a claim for lack of informed consent. The district court denied the second motion on February 21, 2003, on the ground that it was, *inter alia*, untimely filed, and prejudicial to the Defendants.

Subsequent to the denial of the second Motion to Amend, the Goldmans' attorney drafted an I.R.C.P. 54(b) certificate, which the district court signed on February 27, 2003. The Rule 54(b) certificate stated that the district court's two Orders denying the Goldmans' two Motions to Amend their Complaint constituted a final, appealable judgment pursuant to Rule 54(b). The Goldmans then appealed to this Court.

## II.

## STANDARD OF REVIEW

■ The interpretation of the Idaho Rules of Civil Procedure is a matter of law over which this Court exercises free review. *Black v. Ameritel Inns, Inc.,* 139 Idaho 511, 513, 81 P.3d 416, 418 (2003).

## III.

## ANALYSIS

### A. The I.R.C.P. 54(b) Certificate Was Improperly Granted.

■ An appeal may be taken to the Idaho Supreme Court from a judgment of the district court that is final. I.A.R. 11(a)(1). "A judgment is the final determination of the rights of the parties in an action or proceeding." *State v. Nichols,* 62 Idaho 616, 622, 115 P.2d 104, 107 (1941). Pursuant to I.R.C.P. 54(b), when there is more than one claim for relief presented in an action or when multiple parties are involved, the court may direct the entry of a final judgment upon one or more but less than all of the claims or parties. I.R.C.P. 54(b). For a judgment to be certified as final and appealable under Rule 54(b), the order granting judgment must finally resolve one or more of the claims between some or all of the parties; if it does not, then it is error for the trial court to certify an interlocutory order as final under I.R.C.P. 54(b). *U.S. v. City of Challis,* 133 Idaho 525, 528, 988 P.2d 1199, 1202 (1999); *Rife v. Long,* 127 Idaho 841, 845, 908 P.2d 143, 147 (1995).

■ Even though the parties do not challenge the issuance of the Rule 54(b) certificate, which allows an appeal to this Court, the fact that a district court certifies a judgment as final and appealable under Rule 54(b) does not restrict this Court's right to review the matter. *City of Challis,* 133 Idaho at 528, 988 P.2d at 1202; *Long,* 127 Idaho at 844, 908 P.2d at 146.

The district court's certification of its two Orders denying the Goldmans' Motions to Amend their Complaint as appealable under Rule 54(b) was in error because the Orders do not constitute a final, appealable judgment. The district court did not adjudicate by trial or otherwise whether Dr. Graham or the other named Defendants were negligent as alleged in the Goldmans' Complaint. Rather, the record shows there were only the two pre-trial Orders of the district court denying the Goldmans' two Motions to Amend their Complaint. These Orders did not reach the merits of the negligence claim or the claims sought to be added; rather, they simply denied the addition of those claims to the cause of action. As such, it cannot be said that the district court's two Orders finally resolved the single negligence claim against any of the parties, thereby allowing those Orders to be certified as final and appealable under Rule 54(b). *Long,* 127 Idaho at 845, 908 P.2d at 147. Therefore, the appeal is not properly before this Court and must be dismissed. Except for attorney fees, the Court need not address the parties' remaining arguments on appeal because the appeal is dismissed.

### B. Neither Party Is Entitled To Attorney Fees On Appeal.

■ Where a party requesting attorney fees on appeal cites the applicable statute but does not present argument in compliance with I.A.R. 35(b)(6), this Court will not address the request. *Carl H. Christensen Family Trust v. Christensen,* 133 Idaho 866, 874, 993 P.2d 1197, 1205 (1999). Under I.A.R 35(b)(6), the argument portion of the respondent's brief "shall contain the contentions of the respondent with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(b)(6).

Dr. Graham's request for attorney fees does not comply with I.A.R. 35(b)(6) because he failed to provide argument in support of his request. In his brief to this Court, Dr. Graham sets out his request for attorney fees and costs just below the statement of issues and then cites to I.A.R. 40, 41, and I.C § 12–121 for support of his request. However, Dr. Graham does not provide reasons why he should be awarded attorney fees on appeal. In fact, other than making the initial request just below his statement of issues, Dr. Graham never raises or addresses the issue again. Thus, Dr. Graham's mere reference to the request for attorney fees is not adequate. *Meisner v. Potlatch Corp.*, 131 Idaho 258, 263, 954 P.2d 676, 681 (1998); *Weaver v. Searle*, 131 Idaho 610, 616, 962 P.2d 381, 387 (1998). Therefore, this Court declines to address Dr. Graham's request for attorney fees because he failed to comply with the requirements of I.A.R. 35(b)(6).

## IV.

## CONCLUSION

The appeal is dismissed because the district court's Rule 54(b) certificate was issued in error. The Orders denying the Goldmans' two Motions to Amend were not final, appealable judgments. This Court will not address Dr. Graham's request for attorney fees because he failed to present argument in compliance with I.A.R. 35(b)(6). Costs are awarded to the Respondents.

Chief Justice TROUT and Justices SCHROEDER, EISMANN, and BURDICK concur.