137 P.3d 445

**CANYON COUNTY BOARD OF EQUALI-ZATION and Twin Falls County Board of Equalization, Petitioners–Respondents,**

v.

**The AMALGAMATED SUGAR COMPA-NY, LLC, Respondent–Appellant.**

No. 31063.

Supreme Court of Idaho, Boise, March 2006 Term.

June 5, 2006.

Moffatt, Thomas, Barrett, Rock & Fields, Chtd., Boise, for appellant.  Robert B. Burns argued.

Cantrill, Skinner, Sullivan & King, L.L.P., Boise, for respondents.  Robert D. Lewis argued.

TROUT, Justice.

This is an appeal from a district court order concerning the assessed valuation of industrial property owned by appellant The Amalgamated Sugar Company, LLC (Amalgamated, or subsequently known as TASCO) as calculated by respondents Canyon County Board of Equalization and Twin Falls County Board of Equalization (Counties).  After conducting a trial de novo, the district court reversed the decision of the Board of Tax Appeals (BTA) and adopted the Counties' assessed valuation of TASCO's property. We uphold the decision of the district court, but we remand the matter for a determination of the amount of principal and/or interest owed TASCO due to its overpayment of certain property taxes.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

For decades, Amalgamated operated four sugar beet processing facilities.  Of the three located in Idaho, one is in Minidoka County, another is in Canyon County, and a third is in Twin Falls County (the three counties). In 1992, the individual county assessor offices took over the assessment process that had previously been performed by the Idaho State Tax Commission.  In assessing the Amalgamated property, all three counties relied on information provided by Amalgamated, including a somewhat hybrid "income-like" valuation approach that was not recognized by Idaho statute.

In 1997, Amalgamated had its stock purchased by TASCO, which was comprised of a beet grower's association and another entity. An appraisal ordered in connection with the transfer of assets to TASCO revealed that the property was worth significantly more than what Amalgamated had been telling the three counties.  Nevertheless, it was not until 2002 that each of the three counties finally decided to modify the valuation model presented by TASCO.  Due to these changes, the 2002 assessed value for TASCO's Idaho plants was estimated at over $167 million, tripling the $55 million value calculated under the previously utilized model in 2001.

TASCO appealed the 2002 assessed value to the respective equalization boards for each of the three counties, but the tax assessment was affirmed.  Those decisions were then appealed to the BTA. At that hearing, TASCO presented an appraisal employing all three legislatively authorized appraisal approaches to market value (sales comparison, cost and income) set forth in I.C. § 63–205 and IDAPA 35.01.03.217.02 (Rule 217).  TASCO thus dropped its reliance on the model it had earlier recommended to the three counties, though it did not show its new appraisal to them until one business day before the BTA hearing commenced.  The three counties submitted an appraisal containing only a modified version of the "income-like" ap-

proach to the valuation of TASCO's property. The BTA, in a written decision, chastised the three counties for not following the approved statutory approaches, but also was critical of TASCO because the BTA found significant flaws in the appraisal presented by TASCO. Nevertheless, because the BTA considered TASCO's appraisal to be more reliable than that of the three counties, it adopted TASCO's significantly lower valuation amounts. Also, as TASCO had already paid its 2002 property taxes, the BTA ordered a tax refund for the amounts overpaid by TASCO.

All three counties appealed the BTA's decision to the district court; however, Minidoka County's appeal was dismissed as untimely. The district court conducted a de novo trial pursuant to I.C. § 63–3812(c). The court, over TASCO's objection, allowed the Counties to produce evidence on the three approved approaches to value and submit a new appraisal. TASCO used a slightly modified version of the appraisal it had used before the BTA. After reviewing both appraisals, the district court overturned the BTA's decision because the court found the Counties' appraisal more reliable. Thus, the district court adopted the Counties' assessed values of the sugar plants. The district court's judgment established the total value of the Idaho plants, including property located in Minidoka County, at $121 million, with the Canyon County plant worth $42 million and the Twin Falls plant valued at over $35 million. The value of the Canyon County plant adopted by the district court was approximately $19 million less than the assessed value originally presented to TASCO and upon which TASCO paid taxes. Based on its decision, the district court did not award TASCO attorney fees. TASCO timely appealed.

## II.

## STANDARD OF REVIEW

■ Where the district court conducts a trial de novo in an appeal of a BTA decision, this Court defers to the district court's findings of fact that are supported by substantial evidence, but exercises free review over the district court's conclusions of law. *Idaho*

*Power Co. v. Idaho State Tax Com'n*, 141 Idaho 316, 321, 109 P.3d 170, 175 (2005); *see also Ada County Bd. of Equalization v. Highlands, Inc.*, 141 Idaho 202, 205, 108 P.3d 349, 352 (2005). The construction and application of a statute are pure questions of law over which this Court exercises free review. *Ada County Bd. of Equalization*, 141 Idaho at 206, 108 P.3d at 353. Likewise, the interpretation of the Idaho Rules of Civil Procedure is a matter of law freely reviewed by this Court. *Goldman v. Graham*, 139 Idaho 945, 947, 88 P.3d 764, 766 (2004).

## III.

## DISCUSSION

The principal issues on appeal are (1) whether the Counties were entitled to present to the district court evidence on the three approaches to value, when the Counties did not present such evidence to the BTA; (2) whether the district court erred in entering judgment on the valuation of all three properties, when Minidoka County's appeal had already been dismissed; and (3) whether TASCO is entitled to a refund of the excess taxes TASCO paid, including interest.

### A. Evidence on three approaches to value

Rule 84 of the Idaho Rules of Civil Procedure governs the judicial review of state agency actions. Under Rule 84(e)(2), the "scope of judicial review on petition from an agency to the district court shall be as provided by statute." I.R.C.P. 84(e)(2). Subsection (e)(1) of Rule 84 directs that "[w]hen the statute provides that review is de novo, the appeal shall be tried in the district court on any and all issues, on a new record." I.R.C.P. 84(e)(1). Idaho Code § 63–3812 applies when a party who appeared before the BTA is aggrieved by a BTA decision and appeals to the district court. I.C. § 63–3812. That statute states the appeal shall be taken and perfected according to Rule 84, and addresses the scope of review as follows:

Appeals may be based upon any *issue* presented by the appellant to the board of tax appeals and shall be heard and determined by the court without a jury in a trial de novo on the issues in the same manner

as though it were an original proceeding in that court. The burden of proof shall fall upon the party seeking affirmative relief to establish that the decision made by the board of tax appeals is erroneous.

I.C. § 63–3812(c) (emphasis added). This Court has interpreted I.C. § 63–3812(c) to mean "[t]he issues before the district court are those raised below." *Senator, Inc. v. Ada County, Bd. of Equalization,* 138 Idaho 566, 569, 67 P.3d 45, 48 (2003). Trial de novo, this Court has explained, means "a trying of the matter anew—the same as if it had never been heard before." *Gilbert v. Moore,* 108 Idaho 165, 168, 697 P.2d 1179, 1182 (1985).

■ TASCO asserts that as the Counties failed to present evidence to the BTA on the sales comparison and cost approaches and also on a certain calculation used in the income approach, the Counties were precluded from offering such evidence to the district court. To aid in understanding TASCO's argument regarding what "issues" under I.C. § 63–3812 were before the BTA—and therefore appealable to the district court—a brief review of the procedures involved in assessing property for taxation purposes follows:

Generally, all real property subject to property taxation must be assessed annually at market value as of 12:01 a.m. on the first day of January in the year in which such property taxes are levied. I.C. § 63–205(1) (2000). Market value is to be determined according to the requirements of Title 63, Idaho Code, and rules promulgated by the Tax Commission. *Id.* Idaho Code § 63–201(10) (2000) defines market value as follows:

"Market value" means the amount of United States dollars or equivalent for which, in all probability, a property would exchange hands between a willing seller, under no compulsion to sell, and an informed, capable buyer, with a reasonable time allowed to consummate the sale, substantiated by a reasonable down or full cash payment.

Rule 217 of the Property Tax Administrative Rules adopted by the Tax Commission provides that when assessing real property, the assessor shall consider the sales comparison approach, the cost approach, and the income approach. IDAPA 35.01.03.217.02.

*Senator, Inc.,* 138 Idaho at 569, 67 P.3d at 48 (2003).

TASCO frames its argument as follows: because each individual approach to value is to be considered an "issue," and because the Counties did not present appraisals containing all three approaches to the BTA, any evidence on those approaches was outside the district court's scope of review. We are not persuaded. The issue before the BTA clearly was the market value of TASCO's sugar beet processing plants, an inquiry that includes a discussion of the three allowable approaches under I.C. § 63–205 and Rule 217. What TASCO actually complains of is new or different *evidence*—not new or different "issues"—presented to the district court on an issue that was litigated before the BTA, the issue of the market value of TASCO's property. There is simply no basis in I.C. § 63–3812 for striking or refusing to consider such evidence, particularly in light of the fact that this is a de novo trial before the district court. Consequently, we conclude the district court did not err in allowing the Counties to present evidence on the three approaches to value.

**B. Valuation of property located in Minidoka County**

■ The BTA determined the value of TASCO's property located in Minidoka County was over $23 million. Minidoka County's appeal of the BTA's decision was dismissed as untimely, but the Counties' appeal was allowed to proceed. After conducting a de novo trial, the district court entered judgment valuing TASCO's property in Minidoka, Twin Falls and Canyon Counties as $121 million, but specifying $42 million and $35 million for Canyon and Twin Falls Counties, respectively. TASCO claims this judgment implicitly and impermissibly determines the value of its property located in Minidoka County as over $43 million, which conflicts with the BTA's decision setting the value at $23 million.

Pursuant to Rule 84(n), the failure to timely file a petition for judicial review "shall be jurisdictional and shall cause automatic dismissal of the petition for judicial review." I.R.C.P. 84(n); *see also Dunlap v. Cassia Memorial Hosp. Medical Center*, 134 Idaho 233, 235, 999 P.2d 888, 890 (2000); *Fouste v. Dept. of Employment*, 97 Idaho 162, 540 P.2d 1341 (1975) (noting failure to file a timely appeal from an unfavorable agency decision deprives appellate tribunal of jurisdiction).

It appears from the record that the parties initially valued all of TASCO's Idaho property as a single unit. Final market value determinations were then allocated between individual plants using production or processing statistics, including slicing capacity. Thus, while it was necessary for the district court to make a determination as to the overall valuation of TASCO's Idaho property, the critical issue before the district court on appeal was the valuation of TASCO's property found in Canyon and Twin Falls counties. Because Minidoka County's appeal had been dismissed, the district court was not making any determination about the specific value of TASCO's property in Minidoka County and, as a result, Minidoka County remains bound by the BTA determination of value and the district court's decision has no effect on that.

## C. Refund

■ Canyon County originally valued TASCO's property at over $61 million and, pursuant to I.C. § 63–3812(d), TASCO paid taxes on this amount. Subsequently, the district court determined the property was worth approximately $42 million, but the court did not order a refund. TASCO asserts it is entitled to a refund of the excess taxes paid, including interest.

Under I.C. § 63–3812(c), following an appeal to the district court, the court *"may affirm, reverse or modify the order, direct the tax collector of the county or the state tax commission to refund any taxes found in such appeal to be erroneously or illegally assessed or collected or may direct the collection of additional taxes in proper cases."* (emphasis added). Also, I.C. § 63–1305(1) provides as follows:

When any court or the board of tax appeals orders a refund of any property taxes ... the county commissioners of the county or counties which collected the taxes may either refund taxes or apply the amount to be refunded as a credit against taxes due from the taxpayer in the following year. The county commissioners may use a combination of both a payment and a credit to effect the refund.

"Refund" includes excess taxes paid and interest due on the refund of such tax. I.C. § 63–1305(2).

■ The Counties argue the permissive language of I.C. § 63–3812(c) means an order of refund by the district court is discretionary, not mandatory. Because the district court did not order a refund, the Counties claim, TASCO cannot rely on I.C. § 63–1305 to support its argument it is entitled to prejudgment interest. The Counties' argument is unpersuasive because I.C. § 63–3812(c) directs that the district court may affirm, reverse or modify the order, but that the district court is to order a refund if one is due as a result of its ultimate decision. The word "may" refers only to the district court's options as to whether it affirms, reverses or modifies the BTA's decision. To read the statute otherwise would allow counties to withhold money that rightfully belongs to the taxpayer, who was forced to pay the claimed taxes upfront before obtaining a judgment setting the value of the property lower than originally assessed. *See* I.C. § 63–3812(d). Clearly, this Court is to avoid an interpretation of the statute that leads to such an absurd or harsh result. *See Friends of Farm to Market v. Valley County*, 137 Idaho 192, 197, 46 P.3d 9, 14 (2002). On these facts, the district court was required to order a refund or a credit which, under I.C. § 63–1305(2), includes the excess taxes paid and interest.

Finally, Canyon County asserts the issue is moot because it has already resolved to credit TASCO with $854,000 against taxes due in 2004, even though this amount does not include interest. Based on the discussion above, the issue is not moot because TASCO is entitled to a refund/credit of interest, as well. Also, there appears to be some dispute

about whether Canyon County has given sufficient credit for the principal amount overpaid by TASCO, but there is no specific evidence in the record to resolve that issue. Therefore, we remand the matter to the district court to enter an order determining the proper amount of refund/credit, if there is any principal sum still owing, together with interest.

### D. Attorney fees

 TASCO claims it is entitled to attorney fees below and on appeal pursuant to I.C. § 12–117. This Court freely reviews a district court's decision on attorney fee claims made pursuant to I.C. § 12–117. *Rogers v. Gooding Public Joint School Dist. No. 231*, 135 Idaho 480, 483, 20 P.3d 16, 19 (2001); *Urrutia v. Blaine County*, 134 Idaho 353, 361, 2 P.3d 738, 746 (2000). Under this statute, attorney fees are mandated as follows:

> [W]here in any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

I.C. § 12–117(1). In other words, "Idaho Code § 12–117(1) requires an award of attorney fees in any administrative or civil proceeding involving an agency where the private party seeking fees prevails and the agency acted without a reasonable basis in fact or law." *Urrutia*, 134 Idaho at 361, 2 P.3d at 746 (2000).

Here, both parties prevailed in part and lost in part. While TASCO did prevail on the interest issue on appeal, there has been no showing the Counties acted unreasonably, especially where this Court had not previously expressly ruled a party is entitled to interest accruing on the amount of taxes overpaid due to I.C. §§ 63–3812(c), 1305. *See Sacred Heart Medical Center v. Boundary County*, 138 Idaho 534, 537, 66 P.3d 238, 241 (2003) (denying attorney fees where the parties relied on a statute that had not yet been con-

strued by the courts). For these reasons, TASCO is not entitled to attorney fees below or on appeal.

### IV.

### CONCLUSION

We conclude the district court did not err in allowing the Counties to present evidence on the three legislatively approved approaches to value. The district court's well-written and thoroughly researched opinion reversing the BTA is affirmed. We commend the district judge for preparing a detailed and well-reasoned opinion in a very complex area of the law. We remand the matter to the district court for a determination of the amount of interest and/or principal due TASCO as a result of its overpayment of taxes to Canyon County. Each party shall bear their own costs on appeal.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.