## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 43501

STANLEY P. SWEET,

      **Plaintiff-Appellant,**

v.

REBECCA L. FOREMAN,

      **Defendant-Respondent.**

)
)
)
)
)
)
)
)
)
)
)
)
)

**Boise, January 2016 Term**

**2016 Opinion No. 16**

**Filed: February 26, 2016**

**Stephen W. Kenyon, Clerk**

---

Appeal from the District Court of the First Judicial District of the State of Idaho, Boundary County.  Hon. Justin W. Julian, Magistrate Judge.

The case is <u>remanded</u>.

Thornton Law Office, Sandpoint, for appellant. Valerie P. Thornton argued.

Powell & Reed, PC, Sandpoint, for respondent. Todd M. Reed argued.

---

J. JONES, Chief Justice

This is an appeal of a modification to a child custody order. Foreman and Sweet share custody of Child. Prior to this modification proceeding, Sweet had primary physical custody of Child and Foreman had custodial time on alternating weekends and holidays. Foreman filed a petition to modify the child custody order seeking primary physical custody, which the magistrate court granted following trial. Sweet moved to amend the judgment or for a new trial and also moved for reconsideration. The court denied the motion for reconsideration. Sweet moved for a direct permissive appeal, which this Court granted.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

In its Memorandum Opinion and Order (Opinion and Order), the magistrate court provided a comprehensive overview of the lengthy history of this case and prior custody modifications. As described by the court, "this case has been in a virtual state of perpetual

1

litigation." Particularly relevant to this appeal is the ongoing dispute between Foreman and Sweet as to custody of Child.

Child was born in 2005, and Sweet's paternity was established in 2006 by court order in Boundary County, Idaho. The paternity order also provided that Foreman and Sweet would share custody of Child on a 50/50 basis. At the time, Foreman and Sweet were cohabitating at Sweet's residence. They never married. Eventually, Foreman permanently left Sweet's residence and moved with Child to California, in violation of the existing custody order. As the magistrate described, Foreman had a history of obtaining *ex parte* child custody protection orders in other states whenever she did not want Sweet to have custodial time with Child. In order to prevent Foreman from continuing to obtain *ex parte* orders, the court entered an order in February 2009 specifying that Idaho had continuing UCCJEA jurisdiction over Child.

Later that year, Foreman moved back to the Spokane area with Child. In July 2009, Foreman and Sweet entered into a stipulated child custody order. In that order, Foreman was awarded primary physical custody of Child and Sweet was awarded scheduled visitation. Additionally, the order specified that Sweet was to have the right of first refusal for child care if Foreman was out of town during her custodial time. That custody order remained in effect until 2010.

In January 2010, Foreman left Child with her two teenage sons while she worked out of town. She did not give Sweet an opportunity to exercise his right of first refusal. At the time, Child was four years old. Foreman's sons fell asleep while watching Child and Child escaped from the house. Later that day, a stranger found Child crossing a busy intersection in Spokane. Child Protective Services was called and Sweet was informed of the incident. In October 2010, the parties stipulated to a modification of the child custody order, which granted Sweet primary physical custody and Foreman scheduled visitation. In 2012, Foreman petitioned the court to modify the custody order. The court ordered that Sweet would retain primary physical custody and Foreman would continue to have scheduled visitation. That order was on appeal when the current petition for modification was filed.

In August 2014, Foreman took Child to Washington and obtained a temporary restraining order against Sweet and an *ex parte* order granting her sole custody of Child. The magistrate judge in this case found that Foreman had intentionally given the Washington court a wrong address for Sweet so he could not be served. After being informed of the order, the Boundary

County court temporarily suspended Foreman's visitation rights and Child was returned to Sweet. The court restored Foreman's visitation in September of 2014.

Foreman then filed the present petition, again seeking to have the child custody order modified to grant her primary physical custody. Foreman contended that there had been a material and substantial change in circumstances since the last custody determination because Sweet had remarried and Child did not get along with Sweet's wife. Foreman also alleged that Sweet had a violent temper that negatively affected Child's mental health. Additionally, Foreman alleged that she had obtained a more stable living situation because she moved in with her boyfriend and her boyfriend had a good relationship with Child.

Foreman contended that awarding her primary physical custody would be in Child's best interest because: Child had expressed a desire to live with her; Child does not get along with Sweet's wife; Child is afraid of Sweet and has developed severe anxiety and behavioral problems while in Sweet's care; Sweet is physically abusive; and Foreman has a stable home with her boyfriend and Child has a good relationship with him and his children. Sweet argued that modifying child custody would not be in Child's best interest because: it would require Child to move away from his family, school, and community; Foreman has a history of deceit, violating court orders, and denying Sweet time with Child; and Foreman has a history of changing residences frequently and cannot provide a stable home for Child.

Trial was held on Foreman's petition on May 21 and June 6, 2015. On July 10, the court entered its Opinion and Order, modifying the child custody order to give Foreman primary physical custody. The following findings of fact are relevant to this appeal.

First, the court considered Foreman's allegations that Sweet has a violent temper and was physically abusive toward Child. The court found that these allegations did not provide a basis to find a substantial change in circumstances as evidence of Sweet's volatile temper had been considered by the court in prior custody determinations. Additionally, the court found that while Sweet does use corporal punishment, there was no convincing evidence that Sweet has inflicted inappropriate or excessive corporal punishment on Child since entry of the last custody order. At trial, Foreman had presented several reports from medical and counseling professionals stating that Child had expressed a fear of Sweet and that it would benefit Child for Foreman to have primary custody. The judge gave these reports little weight because none of the authors appeared in court or were available for cross examination. Additionally, the court found that some of the

3

conclusions in the reports were undermined because Foreman did not provide accurate information to the counselors. The judge found that Foreman did not inform any of the counselors about Child running away from Foreman's home in 2010 or of Foreman's consistent violations of the terms of the custody order.[1]

Next, the court considered Sweet's allegation that Foreman should not be awarded primary custody because of her history of deceit and attempts to deny Sweet time with Child. The judge stated that Foreman has "consistently been deceptive and manipulative throughout this litigation," citing: Foreman's use of false pretenses to take Child to Washington and obtain an *ex parte* custody order, her giving the Washington court a false address for Sweet so he could not be served with notice of those proceedings, and her misrepresentations to Child's counselors.

However, the court concluded that Foreman could provide a stable living situation for Child and that Child had developed a close relationship with her boyfriend and his two children. The judge acknowledged some merit to Sweet's argument that Foreman's living situation was not stable because the evidence showed that Foreman had previously moved out of her boyfriend's house for a couple of months and lived with her co-worker. However, the court found that Foreman did currently reside with her boyfriend, that even Sweet admitted Foreman's boyfriend has a good relationship with Child, and that Child did get along with the boyfriend's children.

Lastly, the court concluded that Child was unhappy living with his father and that Child would prefer to live with his mother. The magistrate found that Sweet's wife likely has a problem with alcohol and prescription drugs and that Child did not get along with her. The court cited evidence presented by Foreman that Child told counselors he would prefer to live with Foreman, while no evidence was presented to show that Child would prefer to live with Sweet. Additionally, the court found that, while Child's grades and conduct at school were not substandard, Child has experienced bouts of anxiety and trouble sleeping while in Sweet's care.

Based on the foregoing findings, the court concluded that Foreman had demonstrated a substantial, material change in circumstances and that granting Foreman primary physical custody would be in Child's best interest. The court directed Foreman's counsel to prepare a decree setting forth the court's rulings. The court subsequently entered judgment on July 28.

---

[1] At least one of the reports states that Foreman alleged that Sweet was given custody of Child because the judge was Sweet's personal friend. The magistrate found that Foreman knew this was "a complete inaccuracy in every respect."

Prior to that, on July 24, Sweet filed a motion to amend the judgment pursuant to Idaho Rule of Family Law Procedure (I.R.F.L.P.) 807(E) or for new trial pursuant to I.R.F.L.P. 807(A)(4). Sweet supported the motion with an affidavit stating, among other things, "Foreman is moving out of [the boyfriend's] house and plans to live in Spokane with her two adult sons. [Child] says that Foreman takes him with her to look at houses during her custodial time. [Child] does not want to live with his two older brothers."

On August 5, Sweet filed a motion to reconsider change of custody. Sweet cited his July 24 affidavit in support of the motion. In addition, he sought to introduce evidence that immediately after the court issued its Opinion and Order, Foreman moved out of her boyfriend's residence and into an apartment with her two older sons.[2] Sweet also sought to introduce evidence that Child would prefer to live with him.

At the hearing on Sweet's motion for reconsideration, the magistrate ruled that new evidence could not be presented to support Sweet's motion for reconsideration because the Opinion and Order was not an interlocutory order. On September 10, 2015, the court issued an Order on Reconsideration upholding the custody modification. The record does not disclose that any disposition was made by the court of the July 24 motion to amend the judgment or obtain a new trial to consider newly discovered evidence. Sweet moved for a direct permissive appeal of the case, which this Court granted.

## II.
## ISSUES PRESENTED

The parties have asserted the following issues on appeal:

1. Whether the court abused its discretion by not allowing Sweet to present new evidence.

2. Whether there was substantial and competent evidence to support the conclusion that awarding Foreman primary custody was in Child's best interest.

3. Whether Sweet or Foreman should be awarded attorney fees on appeal.

## III.
## STANDARD OF REVIEW

In a permissive appeal under Idaho Appellate Rule 12.1, "the Court reviews the magistrate judge's decision without the benefit of a district court appellate decision." *Lamont v. Lamont*, 158 Idaho 353, 356, 347 P.3d 645, 648 (2015). "Modification of child custody may be

---

[2] These are the same sons who were left to watch Child when he escaped in 2010. According to Sweet, in August of 2015 Foreman confirmed that she moved in with her sons and had been living with them for over a month.

ordered only when there has been a material, substantial and permanent change of circumstances indicating to the magistrate's satisfaction that a modification would be in the best interests of the child." *Pieper v. Pieper*, 125 Idaho 667, 669, 873 P.2d 921, 923 (1994). "Decisions regarding child custody are committed to the sound discretion of the magistrate, and the magistrate's decision may be overturned on appeal only for an abuse of discretion." *McGriff v. McGriff*, 140 Idaho 642, 645, 99 P.3d 111, 114 (2004). The abuse of discretion standard also applies when reviewing a lower court's denial of a motion for reconsideration. *Rocky Mountain Power v. Jensen*, 154 Idaho 549, 554, 300 P.3d 1037, 1042 (2012). "A trial court does not abuse its discretion as long as the court recognizes the issue as one of discretion, acts within the outer limits of its discretion and consistently with the legal standards applicable to the available choices, and reaches its decision through an exercise of reason." *Lamont*, 158 Idaho at 356, 347 P.3d at 648 (internal quotation marks omitted).

**IV.**
**ANALYSIS**

**A. This appeal is premature because the court has not ruled on Sweet's motion for a new trial.**

Sweet appeals the court's denial of his request to present new evidence to support his motion for reconsideration. Sweet sought to present evidence that almost directly after issuance of the Opinion and Order, Foreman moved out of her boyfriend's residence and into an apartment in Spokane with her two older sons. Sweet also sought to present evidence that Child would prefer to live primarily with Sweet. The court concluded that Sweet could not present new evidence to support his motion for reconsideration because Sweet was essentially seeking reconsideration of the judgment, not an interlocutory order, and consideration of new evidence would be inappropriate.

Here, Sweet is seeking reconsideration of the court's conclusion that modifying child custody would be in Child's best interest. A motion for reconsideration under I.R.F.L.P. 503(b) is not the proper mechanism to seek an amendment of a magistrate's findings of facts or conclusions of law. Rather, the correct mechanism is a motion to amend findings or conclusions under I.R.F.L.P. 802. Rule 802 provides that: "A motion to amend findings or conclusions or to make additional findings or conclusions shall be served not later than fourteen (14) days after entry of judgment. . . . The motion may be made with a motion for a new trial pursuant to Rule 807." I.R.F.L.P. 802 parallels Idaho Rule of Civil Procedure ("I.R.C.P.") 52(b). This Court has

6

previously held that a court may not consider new evidence when asked to amend findings of facts or conclusions of law under I.R.C.P. 52(b). *PHH Mortg. Servs Corp. v. Perreira*, 146 Idaho 631, 635, 200 P.3d 1180, 1184 (2009).

Although a court may not consider new evidence when considering a motion under I.R.F.L.P. 802, a court may consider new evidence when presented with a motion for new trial under I.R.F.L.P. 807. Rule 807 provides that "[a] new trial may be granted to all or any of the parties and on all or part of the issues in an action for any of the following reasons," including "newly discovered evidence, material for the party making the application, which the party could not, with reasonable diligence, have discovered and produced at trial." I.R.F.L.P. 807(A)(4). A motion for a new trial based on newly discovered evidence "must be accompanied by an affidavit stating in detail the facts relied upon in support of such motion." I.R.F.L.P. 807(A). "On a motion for new trial, in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." *Id*. This rule parallels I.R.C.P. 59(a). To obtain a new trial on grounds of newly discovered evidence, it must be shown that the evidence

> (1) is such as will probably change the result if a new trial is granted; (2) has been discovered since the trial; (3) could not have been discovered before the trial by the exercise of due diligence; (4) is material to the issues; and (5) is not merely cumulative or impeaching."

*Obendorf v. Terra Hug Spray Co.*, 145 Idaho 892, 902, 188 P.3d 834, 844 (2008).

It was procedurally improper for Sweet to move for reconsideration of the magistrate's findings of fact and conclusions under I.R.F.L.P. 503(b). However, Sweet had previously sought to introduce new evidence under the correct procedural mechanism—a motion for new trial. In his July 24 motion for a new trial under I.R.F.L.P. 807(A)(4), Sweet asked the magistrate to conduct a new trial on the issue of Child's wishes, including an in camera interview of Child. Those wishes included Child's concerns regarding Foreman's new living arrangements. The Court denied Sweet's request to conduct an in camera interview on July 28, 2015. However, the record does not indicate that the court ever ruled on Sweet's motion for a new trial.

Sweet supported his motion for a new trial with his affidavit, wherein he asserted that Foreman had moved out of her boyfriend's house and into an apartment with her two older sons. The affidavit included a letter from Child stating that, because of the move, Child did not want to

live with Foreman. Newly discovered evidence "must be information in existence at the time of trial but not discoverable with due diligence." *Obendorf*, 145 Idaho at 902, 188 P.3d at 844. While evidence of Child's wishes generally was available or discoverable before the trial, it was not known until after trial that Foreman would substantially change her living arrangements and how that might affect Child's wishes. Nor was there any indication before trial that Foreman may have planned to move out of her boyfriend's house and in with her two older sons. Sweet alleges that he was not informed that Foreman was moving in with her sons until after trial had ended, and Foreman did not provide him with sixty days' notice of the move as required in the child custody order. While the limited information in the record suggests that Foreman did not move out of her boyfriend's house until after trial, there is some indication that she intended to move before trial had ended. Evidence that Foreman had moved out of her boyfriend's house may be particularly relevant in this case, given that the court placed some weight upon Foreman's stable living situation when granting the custody modification. The timing of the move lends itself to the possibility that Foreman may have purposely withheld this information, especially in light of the court's finding that Foreman has "consistently been deceptive and manipulative throughout this litigation." This evidence certainly does not appear to have been available during the trial and it has materiality from Sweet's standpoint. The motion for new trial should have been considered and acted upon by the court.

Where Sweet's motion for a new trial is still pending, Sweet's appeal to this Court is premature.

> The time for an appeal from any civil judgment or order in an action is terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action . . . in which case the appeal period for all judgments or orders commences to run upon the date of the clerk's filing stamp on the order deciding such motion.

I.A.R. 14(a). Therefore, we decline to address the remaining issues raised in Sweet's appeal and remand to the magistrate court to rule on Sweet's motion for a new trial.

**B. Neither party is awarded attorney fees.**

Both Sweet and Foreman seek an award of attorney fees on appeal under Idaho Code section 12-121. The Court will award fees to a prevailing party under Idaho Code section 12-121 when the Court believes "that the action was pursued, defended, or brought frivolously, unreasonably, or without foundation." *Idaho Military Historical Soc'y, Inc. v. Maslen*, 156 Idaho 624, 633, 329 P.3d 1072, 1081 (2014). Here, neither party has prevailed because the appeal was

8

premature and the case is being remanded for the magistrate to rule on Sweet's motion for a new trial. Therefore, neither party is awarded attorney fees on appeal.

## V.
## CONCLUSION

This case is remanded for the magistrate court to rule on Sweet's motion for a new trial. Neither party is awarded attorney fees or costs on appeal.


Justices EISMANN, BURDICK, W. JONES and HORTON CONCUR.