**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 50107**

| | | |
|---|---|---|
| RUSSELL POTTENGER, | ) | |
| | ) | |
| Petitioner-Respondent, | ) | Boise, January 2023 Term |
| | ) | |
| v. | ) | Opinion filed: June 8, 2023 |
| | ) | |
| AUDREY CHARLTON, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

Appeal from the Magistrate Court of the Second Judicial District of the State of Idaho, Idaho County. Jeff P. Payne, Magistrate Judge.

The judgment modifying child custody and support is <u>vacated and remanded</u>.

Gravis Law, PLLC, Boise, for Appellant. Charles Bauer argued.

Davis & Hoskisson, PLLC, Boise, for Respondent. Abby Hoskisson argued.

---

ZAHN, Justice.

Audrey Charlton appeals the magistrate court's judgment modifying the residential custody of the parties' minor children to give their father, Russell Pottenger, primary physical custody and awarding Charlton physical custody on alternating weekends during the school year and one-half of each summer vacation. For the reasons stated below, we vacate the judgment and remand for further proceedings.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Pottenger and Charlton were in a relationship for four years, during which time they had two children: R.M.P., born February 7, 2015, and R.B.P., born May 26, 2016. During the relationship, the family lived in Riggins, Idaho, in the home where Pottenger currently resides. After the parties ended their relationship, Charlton moved to Boise, Idaho. Both parties have extended family in Riggins and in the Boise area.

1

After the couple ended their relationship, Pottenger filed a petition for paternity, custody, and child support in Ada County. Pottenger sought primary custody of the children and child support. Charlton filed an answer and counterclaim also requesting primary custody.

The Ada County magistrate court held a trial and later issued a written judgment, which granted the parties joint legal and physical custody. The judgment further ordered that "Father's custodial time shall be every Monday at noon to Thursday drop off to preschool and Mother's custodial time shall be every Thursday after preschool to Monday at noon." Following entry of the judgment, to facilitate the ordered visitation, Pottenger and Charlton drove the children approximately 300 miles every week, which required approximately six hours in the car. The judgment also provided for a summer custody schedule that gradually increased the duration of visits as the children aged. The summer custody schedule for 2021 forward provided that the children would be with Pottenger for the first week after school let out and one week before school resumed. Charlton had the children for the rest of the summer break. Relevant to this appeal, the judgment also provided:

> Father to install code compliant windows in every room of his residence, except the utility room, within six months of the date of entry of this Judgment or obtain other code compliant residence. If he does not, Mother will be awarded primary physical custody and Father's visitation will be reduced to Saturday and Sunday day only visitation from 9:00 a.m. to 7:00 p.m.

Almost two years following entry of the judgment, Charlton filed a petition to modify. Charlton's petition cited several substantial and material changes in circumstances that she asserted warranted modification: (1) that Pottenger failed to install code-compliant windows in every room of his residence; (2) that the children were prevented from participating in activities and programs due to the three-day/four-day alternating custody schedule that required the children to spend six hours in the car every weekend; (3) that Pottenger failed to "co-parent rationally or reasonably;" (4) that Pottenger imposed harsh physical discipline; (5) that the children were mostly parented by Pottenger's new wife during visits; and (6) that Charlton was now available nearly full-time to care for the children. Charlton requested primary physical custody, with alternating weekends for Pottenger, along with shared holidays and summers.

Pottenger moved to change venue from Ada County to Idaho County, which was granted. Pottenger then filed an answer and counterclaim, denying he was noncompliant with the window provision of the judgment. Pottenger also sought modification of the custody provisions of the judgment. Pottenger argued it was in the best interests of the children to modify custody because

2

the existing custody arrangement: (1) required excessive weekly travel time between Riggins and Boise; (2) interfered with the children's ability to participate in school and extracurricular activities; and (3) did not allow the children any weekends with their father. Pottenger's counterclaim did not specify an alternative custody arrangement, but did argue he was entitled to primary physical custody.

Charlton then moved for partial summary judgment regarding Pottenger's noncompliance with the window provision of the judgment. The magistrate court denied the motion following a hearing. In a verbal ruling, the magistrate court noted that, given the petition and counterclaim, both parties stipulated that there was a substantial and material change in circumstances. The magistrate court stated that, because Charlton filed a motion to modify rather than a motion seeking enforcement of the judgment, the issue before the court was whether there was a permanent substantial material change in circumstances, and if so, whether modification of the judgment was in the best interest of the children. In conducting this inquiry, the magistrate court stated that it would not look back at the prior judgment, including whether Pottenger had complied with the window requirement. The magistrate court concluded that, while both parties alleged a substantial and material change in circumstances, a genuine issue of material fact existed concerning what was in the best interest of the children. The magistrate court therefore denied summary judgment.

The parties proceeded to a bench trial. At trial, Charlton focused her evidence and argument on one substantial and material change in circumstance—Pottenger's alleged failure to install windows in every room as required in the prior judgment. In her post-trial closing argument, Charlton asserted that "[t]he only 'substantial and material' change in circumstance which was presented at trial is the fact that Russell hasn't complied with the prior Judgment regarding the safety of his residence." However, Charlton then discussed the "other evidence" that also supported her request for primary physical custody, including her home layout and location, her work schedule, family living in the Boise area, and Pottenger's encouraging the children to call his new wife "mommy" or "mom."

Following the bench trial, the magistrate court issued written findings of fact and conclusions of law. The magistrate court determined that changes in the parties' work schedules constituted a material, substantial, and permanent change in circumstances that warranted modification of the original custody judgment. It also determined that it was not in the best interests of the children to require them to travel six hours each week during the school year, have no

3

weekends with their father during the school year, and only be with Pottenger for the first and last week of summer. The magistrate court ordered Pottenger and Charlton "to share joint legal and physical custody pursuant to a schedule in which Mr. Pottenger has primary residential custody of [the children]." The modified schedule gave Charlton custody of the children every other weekend and one-half of the children's summer vacation. The magistrate court recalculated child support based on the new custody schedule and ordered Charlton to pay Pottenger $515.65 in child support each month. The magistrate court did not make any findings or conclusions regarding Pottenger's compliance with the window installation provision in the original judgment. The magistrate court entered a judgment modifying child custody and support, which adopted its conclusions concerning child custody and child support contained in its written decision.

Charlton filed a motion for permissive appeal directly to this Court pursuant to Idaho Appellate Rule 12.1. After a hearing on the matter, the magistrate court granted Charlton's motion and she appealed to this Court.

## II.     ISSUES ON APPEAL

1.  Whether the magistrate court erred in modifying the original custody judgment.
2.  Whether either party is entitled to attorney fees and costs on appeal.

## III.     STANDARD OF REVIEW

"In a permissive appeal under Idaho Appellate Rule 12.1, 'the Court reviews the magistrate judge's decision without the benefit of a district court appellate decision.'" *Sweet v. Foreman*, 159 Idaho 761, 765, 367 P.3d 156, 160 (2016) (quoting *Lamont v. Lamont*, 158 Idaho 353, 356, 347 P.3d 645, 648 (2015)). "Modification of child custody may be ordered only when there has been a material, substantial and permanent change of circumstances indicating to the magistrate's satisfaction that a modification would be in the best interests of the child." *Id.* (quoting *Pieper v. Pieper*, 125 Idaho 667, 669, 873 P.2d 921, 923 (1994)). "[T]he determination of whether to modify child custody is left to the sound discretion of the trial court, and this Court will not attempt to substitute its judgment and discretion for that of the trial court except in cases where the record reflects a clear abuse of discretion." *Doe v. Doe*, 161 Idaho 67, 72, 383 P.3d 1237, 1242 (2016) (alteration in original) (quoting *Levin v. Levin*, 122 Idaho 583, 586, 836 P.2d 529, 532 (1992)).

In determining whether a trial court has abused its discretion, this Court considers whether the trial court: "(1) correctly perceived the issue as one of discretion; (2) acted within the outer

4

boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). "An abuse of discretion occurs when the evidence is insufficient to support a magistrate's conclusion that the interests and welfare of the children would be best served by a particular custody award or modification." *Gray v. Gray*, 171 Idaho 128, 136, 518 P.3d 1185, 1193 (2022) (quoting *Nelson v. Nelson*, 144 Idaho 710, 713, 170 P.3d 375, 378 (2007)). "A trial court's findings of fact which are based upon substantial and competent, although conflicting, evidence will not be disturbed on appeal; which is to say the findings of fact will not be set aside unless clearly erroneous." *Reed v. Reed*, 137 Idaho 53, 56, 44 P.3d 1108, 1111 (2002) (citing *DeChambeau v. Estate of Smith*, 132 Idaho 568, 571, 976 P.2d 922, 925 (1999)).

## IV.    ANALYSIS

### A.  The magistrate court erred in modifying the original custody judgment.

Charlton argues that the only change in circumstance presented at trial was Pottenger's failure to install windows under the original custody judgment and that the magistrate court erred by failing to enforce the window installation provision in the original custody judgment. Pottenger contends that the magistrate court did not abuse its discretion in its modification order because Charlton failed to present evidence of a building code or other county code that required the installation of windows in every room of Pottenger's home. For the reasons discussed below, we hold that the magistrate court erred when it failed to address Charlton's asserted ground for modification.

#### 1.  Charlton sought modification, rather than enforcement, of the original judgment.

Charlton argues the magistrate court abused its discretion in denying her request for modification because she established that Pottenger was in violation of the original judgment, which required him to install "code compliant" windows in every room of his home. Charlton maintains that she had a vested right to primary physical custody under the provision, which stated she would receive primary custody if Pottenger failed to comply. Further, Charlton argues that Pottenger is precluded from challenging the window provision because he failed to appeal the original judgment.

Following the hearing on Charlton's motion for partial summary judgment, the magistrate court explained that it was denying the motion because Charlton had filed a motion for

modification rather than an enforcement action. As a result, whether Pottenger had complied with the window provision of the judgment was not the issue before the court. The magistrate court explained that if Charlton wanted the window provision of the original judgment enforced, she should have brought an enforcement proceeding instead of a request for modification. Given that Charlton had filed a petition for modification, the magistrate court indicated it would look at the current existing situation rather than the prior judgment.

We agree with the magistrate court's conclusion that a motion to modify a custody judgment is different than a motion seeking enforcement of a custody judgment. A motion to modify child custody seeks a change in the provisions of the original order based on a substantial and material change in circumstances impacting the best interest of the child. I.C. § 32-717. *See generally Dawson v. Dawson*, 90 Idaho 234, 237, 409 P.2d 434, 436 (1965). Alternatively, if Charlton wanted to enforce the original custody order, she could have filed a motion for civil contempt. I.C. § 7-601. "Civil contempt is appropriate only when a party fails to comply with a court order that is both specific and definite." *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989). Idaho Code section 7-601(5) gives courts the authority to hold a party in contempt if the party disobeys "any lawful judgment, order or process of the court."

Charlton's pleadings clearly evidence an intent to seek modification rather than enforcement. The original judgment stated that in the event Pottenger failed to install code compliant windows, "Mother will be awarded primary physical custody and Father's visitation will be reduced to Saturday and Sunday day only visitation from 9:00 a.m. to 7:00 p.m." Charlton's motion for modification not only requested the original order be modified, but specifically cited to multiple changes in circumstance, with the failure to install windows only being one. By citing to several substantial and material changes in circumstances, Charlton further evidenced her intent to request modification instead of enforcement of the original custody order. Given Charlton's pleading, the magistrate court needed to determine her motion according to Idaho Code and case law, which provide that custody will only be modified "when there has been a material, substantial and permanent change of circumstances indicating to the magistrate's satisfaction that a modification would be in the best interests of the child." *Sweet*, 159 Idaho at 765, 367 P.3d at 160 (quoting *Pieper*, 125 Idaho at 669, 873 P.2d at 923); I.C. § 32-717.

Charlton's argument that she has a vested right to primary custody under the original custody order is unpersuasive. "The law in Idaho is well settled that divorce decrees

6

and orders affecting the custody and support of children are subject to the continuing control of the court and do not become final." *Dawson*, 90 Idaho at 237, 409 P.2d at 435 (citations omitted). As such, the magistrate court had the ability to modify the custody order upon a finding of material and substantial changes in circumstances affecting the best interests of the children. *Id. See also Brownson v. Allen*, 134 Idaho 60, 63, 995 P.2d 830, 833 (2000) (citations omitted) (When determining whether to modify the original custody order, "the paramount concern is the best interest of the child."). For this reason, Charlton did not have a vested right to custody under the original custody judgment.

We also conclude that Charlton's res judicata argument is without merit. Charlton contends that Pottenger is precluded from challenging her contention that she is entitled to custody under the window provision because he failed to appeal the original judgment. However, "[p]rovisions of a court order governing child custody are not final judgments and are not res judicata as to the issues determined. The district court maintains continuing jurisdiction to modify custody provisions whenever required by changed circumstances to insure the best interests and welfare of the children." *Overman v. Overman*, 102 Idaho 235, 238, 629 P.2d 127, 130 (1980) (citations omitted). As a result, res judicata does not bar Pottenger's arguments in this case.

2. *The magistrate court erred when it failed to address Charlton's argument that Pottenger's noncompliance with the original judgment constituted a substantial and material change in circumstances.*

Charlton contends that the only change in circumstances presented at trial was Pottenger's failure to comply with the original custody judgment and that Pottenger failed to demonstrate any other substantial and material change in circumstances. Pottenger maintains that since both parties requested modification of the existing custody judgment, the parties essentially agreed that circumstances had materially and substantially changed since entry of the prior judgment.

In her petition to modify, Charlton asserted that several substantial and material changes had occurred following entry of the original judgment: Pottenger failed to comply with the window installation provision in the original judgment; the parties spent hours on the road each week to facilitate custody exchanges; the children were unable to enjoy activities and programs due to the excessive travel time; Pottenger refused to co-parent rationally or reasonably; the children were mainly parented by Pottenger's new wife while in his care; and Charlton's new work schedule allowed her to parent full-time. However, at trial, Charlton focused her presentation of evidence on Pottenger's noncompliance with the window provision of the original judgment. In her post-

trial brief, Charlton primarily alleged that the substantial and material change in circumstances that warranted a modification of custody was Pottenger's failure to install windows in every room of his home.

The magistrate court did not address the window issue but modified the original judgment because it found, based on the testimony presented at trial, that both Charlton's and Pottenger's work schedules had changed following entry of the original judgment, which constituted material and substantial changes in circumstances. The magistrate court then expressly considered the factors set forth in Idaho Code section 32-717 and determined that the original custody arrangement was not in the best interests of the children because it required the children to travel six hours each week during the school year, did not provide the children any weekends with Pottenger during the school year, and only provided for the children to be with Pottenger for the first and last week of summer. After considering the evidence presented at trial, the magistrate court determined it was in the best interests of the children to modify the judgment to provide Pottenger with primary custody of the children, provide Charlton with custody every other weekend between Thursday and Sunday after the children got out of school on Thursday afternoon, and to split the children's summer vacation evenly between the parents.

"The burden rests with the party seeking to have custody modified to show that there has been a material, permanent and substantial change in the circumstances of the parties which warrants modification for the best interest of the child." *Strain v. Strain*, 95 Idaho 904, 905–06, 523 P.2d 36, 37–38 (1974). "The question of whether a 'material, permanent and substantial change in conditions' exists is a preliminary question to what changes in the custody order would be in the best interests of the child." *Doe*, 161 Idaho at 72, 383 P.3d at 1242 (quoting *Evans v. Sayler*, 151 Idaho 223, 226, 254 P.3d 1219, 1222 (2011)). However, "[t]his Court has made it clear that whether a change in conditions is 'material' or 'substantial' depends upon the impact of the change on the children." *Id.* Accordingly, the modification analysis involves an interconnected consideration of material and substantial changes *and* the consideration of the best interests of the child. *Id. See also Poesy v. Bunney*, 98 Idaho 258, 261–62, 561 P.2d 400, 403–04 (1977) ("The court must look not only for changes of condition or circumstance which are material, permanent and substantial, but also must thoroughly explore the ramifications vis-a-vis the best interest of the child, of any change which is evident."), *abrogated on other grounds by Kelly v. Kelly*, 171 Idaho 27, 518 P.3d 326 (2022). This Court has explained that "the best interests of the child must take

precedence in any analysis regarding a material change in circumstances." *Evans*, 151 Idaho at 227, 254 P.3d at 1223 (quoting *McGriff v. McGriff*, 140 Idaho 642, 647, 99 P.3d 111, 116 (2004)) (remaining citation omitted).

We conclude that the magistrate court erred when it failed to make any findings or conclusions on the primary substantial and material change asserted by Charlton—Pottenger's failure to install windows in accordance with the prior judgment. The magistrate court perceived the issue of modification as one of discretion since it recognized that it had the authority to modify custody if there was a material and substantial change in circumstances. However, the magistrate court did not act within the outer bounds of its discretion when it failed to address Charlton's primary basis for modification—Pottenger's alleged noncompliance with the original judgment.

"When the court sits as the trier of fact, it is charged with the duty of preparing findings of fact and conclusions of law in support of the decision which it reaches." *In re Bd. of Tax Appeals, Appeal No. 16-A-1079*, 165 Idaho 433, 442, 447 P.3d 881, 890 (2019) (quoting *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 225, 646 P.2d 988, 996 (1982)). A "trial court must make findings upon each and every material issue arising from the pleadings, upon which proof is offered. Its failure to do so will necessitate a remand for additional findings, unless such findings would not affect the judgment entered." *Perry Plumbing Co. v. Schuler*, 96 Idaho 494, 497, 531 P.2d 584, 587 (1975).

The magistrate court's findings of fact and conclusions of law on the petition for modification do not address the primary ground that Charlton asserted in her petition—that Pottenger failed to install windows in every room of his home as required in the prior judgment. The explanation for this appears to be that the magistrate did not believe he either should or could look back at the prior judgment when determining whether there was a substantial and material change in circumstances. When denying Charlton's motion for partial summary judgment, the magistrate court stated:

> So the issue before this [c]ourt is a modification issue: should that judgment be modified? So basically the [c]ourt has to determine is there a material – permanent substantial material change in circumstances since that judgment was entered. And if so, then modify it to the best interest of the children. *And so that will – I don't look back at the prior judgment to – I look at it to see is there a permanent material and substantial change in circumstances.* If I determine that there is, then I set a new – potentially a new order regarding custody and support. This isn't an enforcement of the old order. It's a new order. And if I were to issue a new order with new custody provisions, the windows provision may or may not be in it. It's

9

what I determine is in the best interest of the children. It's not an enforcement of the old order.

The magistrate court did not act within the outer bounds of its discretion when it refused to consider Pottenger's failure to comply with the prior judgment.

While we agree with the magistrate court that Charlton did not bring an enforcement action, we disagree that the modification petition precluded it from considering Pottenger's compliance with the prior judgment. Charlton argued that the window requirement in the original judgment was intended to address safety concerns with having the children stay at the home. If, as Charlton contends, the prior judgment (including its custody schedule) was premised on Pottenger's compliance with the window provision, his failure to comply with that provision *may* constitute a substantial and material change in circumstances that impacted the best interests of the children.

Although we reject Charlton's argument that the reversion provision in the prior judgment was res judicata and prevented Pottenger from opposing her petition for modification, we agree that the magistrate court erred when it failed to make findings of fact and conclusions of law on this issue—which was the primary argument Charlton made to establish a material and substantial change in circumstances. Just because Charlton filed a petition for modification rather than an enforcement action did not automatically render the prior judgment irrelevant. Given Charlton's argument, the magistrate court should have considered whether Pottenger failed to comply with the provision, and if so, whether that failure was a substantial and material change in circumstances that impacted the best interests of the children. The modification analysis involves an interconnected consideration of the material and substantial changes and their impact on the children. *Doe*, 161 Idaho at 72–73, 383 P.3d at 1242–43; *Poesy*, 98 Idaho at 261-62, 561 P.2d at 403–04. "[T]he best interests of the child must take precedence in any analysis regarding a material change in circumstances." *Evans*, 151 Idaho at 227, 254 P.3d at 1223 (quoting *McGriff*, 140 Idaho at 647, 99 P.3d at 116).

If, as Charlton asserts, the prior custody judgment was premised on compliance with the window provision, and if that provision addressed safety concerns with the children staying at Pottenger's home, then a failure to comply with that provision may constitute a substantial and material change in circumstances that adversely affects the best interests of the children. In short, if the failure to install windows in every room of the home gives rise to safety concerns affecting the best interests of the children, then the magistrate court's determination of primary physical custody may change on remand.

10

Additional findings on remand concerning the windows *may or may not* change the magistrate court's analysis of the best interests of the children. However, at this point we simply do not know what the result will be because the magistrate court did not believe it could or should consider Pottenger's failure to comply with the prior judgment as part of the modification analysis. We therefore vacate the magistrate court's judgment, as well as its findings of fact and conclusions of law, and remand this matter for further proceedings consistent with this opinion.

**B.  Neither party is entitled to attorney fees and costs on appeal.**

Charlton requests attorney fees and costs pursuant to Idaho Code section 12-121 and Idaho Rule of Family Law Procedure 902. Pottenger requests attorney fees pursuant to Idaho Code section 12-121 and Rule 908.[1]

Rule 902 permits the award of attorney fees to the prevailing party in a family law case. Given our decision to vacate the magistrate court's judgment and remand for further proceedings, we conclude that Charlton is the prevailing party on appeal. Therefore, she is the only party who may receive attorney fees and costs pursuant to Rule 902. Rule 902(b) allows the award of attorney fees in family law cases pursuant to Idaho Code section 12-121. This Court may award attorney fees pursuant to Idaho Code section 12-121 if "the case was brought, pursued or defended frivolously, unreasonably or without foundation." In seeking to defend the judgment he obtained below, Pottenger has not defended this case in a frivolous or unreasonable manner. Therefore, we decline to award either party attorney fees on appeal.

## V.    CONCLUSION

The magistrate court erred when it failed to address Charlton's primary ground for modification in its findings of fact and conclusions of law. Therefore, we vacate the magistrate court's judgment modifying custody and its findings of fact and conclusions of law, and remand for further proceedings consistent with this opinion. Neither party is entitled to attorney fees on appeal. As the prevailing party, Charlton is awarded her costs on appeal.

Chief Justice BEVAN, and Justices BRODY, STEGNER, and MOELLER CONCUR.

---

[1] There is no Rule 908; however, Pottenger may have meant Rule 902.

11