**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52192**

| | | |
|---|---|---|
| MEGAN ROSS nka MEGAN MILLER, | ) | |
| | ) | **Opinion Filed: February 11, 2025** |
| Petitioner-Appellant, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | |
| CASEY ROSS, | ) | |
| | ) | |
| Respondent-Respondent. | ) | |
| | ) | |

Appeal from the Magistrate Division of the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Andrew Robert Woolf, Magistrate.

Judgment re: custody, visitation, and child support, <u>vacated</u>; and <u>case remanded</u>.

Parsons Behle & Latimer; John E. Cutler, Idaho Falls, for appellant. John E. Cutler argued.

Smith Woolf Anderson & Wilkinson, PLLC; Marty R. Anderson, Idaho Falls, for respondent. Kegan Machen argued.

---

HUSKEY, Judge

Megan Ross, nka Megan Miller (Miller), appeals from the judgment re: custody, visitation, and child support and the denial of the motion to reconsider the judgment modifying child custody. Miller argues that to the extent the magistrate court made any factual findings, those findings and the magistrate court's analysis of those findings did not justify the modification to the custody order. Miller also argues the magistrate court overprioritized adopting a simplistic order when the facts supported, at most, a modest change to the custody schedule. Casey Ross (Ross) argues the magistrate court did not err. We hold the magistrate court abused its discretion in modifying the custody schedule. The judgment modifying child custody is vacated, and the case is remanded for further proceedings consistent with this opinion.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Miller and Ross divorced in 2022. The judgment and decree of divorce granted the parties joint custody of their two minor children. Miller was awarded primary custody of the children subject to Ross's custodial time as agreed upon by Miller and Ross. At a minimum, Ross was entitled to custodial time during the school year as follows: (1) every Tuesday beginning after school releases (or 8:00 a.m. if there is no school in session) and continuing through 5:00 p.m. If there is no school on Wednesday, overnight until the children were taken to the childcare provider (or returned to Miller if she was not working) on Wednesday; (2) every Thursday beginning after school releases (or 8:00 a.m. if there is no school in session) and continuing through 7:30 p.m. and if Ross did not work Thursday night, overnight until Friday at 8:00 a.m.; (3) every Friday when Miller worked during her work hours; and (4) alternating weekends beginning Friday at 8:00 a.m. and continuing through Sunday at 11:00 a.m. During the summer, Ross's custodial time was: (1) every Tuesday beginning at 8:00 a.m. and continuing through Wednesday at 12:00 p.m.; (2) every Thursday beginning at 8:00 a.m. and continuing through 5:00 p.m. (if Ross did not work Thursday night, overnight until Friday at 5:00 p.m.); and (3) alternating weekends beginning Friday at 8:00 a.m. and continuing through Sunday at 11:00 a.m. There were other provisions for holidays and extended vacation time, which are not at issue in this appeal.

In 2023, Miller filed a petition to modify the custody schedule. Miller argued there had been substantial and material[1] changes in circumstances that justified a modification in custody. Miller asserted that the material changes in circumstances were: (1) Ross did not consistently utilize the Thursday overnight and did not provide notice of when he intended to do so; (2) Miller moved across town; (3) the children would be in a new school and would no longer have Fridays off but instead would have alternating Mondays off; (4) Ross did not help the children complete their homework during his custodial time; and (5) because of Ross's nightly work schedule, he slept until noon, leaving the children unattended. Miller proposed modifying Ross's custodial time to alternating Fridays after school until Monday at 5:00 p.m. so long as his work schedule could

---

[1] Miller did not argue the substantial and material changes were permanent. It is unclear if this omission was just a shortened version of the standard or if Miller did not realize the substantial and material changes also had to be permanent.

be adjusted to accommodate the schedule. If Ross could not or would not adjust his work schedule, Miller proposed his custodial time should be from Friday after school until Sunday at 11:00 a.m.

Ross filed a response and counterclaim, arguing that there had been no material, substantial, and permanent change of circumstances that would justify reducing his parenting time. However, Ross agreed that Miller's unilateral decision to move and change the children's school was a material, substantial, and permanent change but because the new school was closer to Ross's home, additional overnight visits would be more convenient for Ross and the children. As a result of the change, Ross proposed a modification to his custodial time as follows: (1) every Tuesday after school or at 9:00 a.m. depending on both parties' work schedules through Wednesday at 5:00 p.m.; (2) every Thursday after school or at 9:00 a.m. through Friday at 5:00 p.m.; (3) alternating weekends from Friday after school released or at 9:00 a.m. to Sunday at 5:00 p.m. Ross also provided suggestions for holidays and extended vacations, which are not at issue in this appeal. Later, Ross modified his request to propose that Miller and Ross should each have the children fifty percent of the time with a week on / week off alternating schedule. The matter proceeded to trial, where both parties and their new significant others testified.

The court held a separate hearing in which it orally issued its findings of fact and conclusions of law on the record. The court summarized the testimony of each witness and concluded there had been substantial and material changes since the last custody order. According to the magistrate court, these circumstances were: (1) Miller's move to a new home; (2) the children changed schools and now have school on Fridays; (3) both parties' income changed; and (4) each party was in a new relationship. The magistrate court concluded, "in this Court's view, the current visitation schedule is just not working, really, for either party, given these substantial and material changes." The magistrate court then modified the schedule to shared physical custody with a year-round, week on / week off rotating schedule. Miller filed a motion to reconsider arguing that, as relevant to this appeal, Ross should not have equal physical custody because he worked overnights during his custodial time, and he did not meet his burden of proof in demonstrating that Miller's time should be significantly reduced. The magistrate court denied the

3

motion to reconsider. Miller filed a permissive appeal from both the judgment modifying custody and the denial of the motion to reconsider;[2] the permissive appeal was granted.

## II.

## STANDARD OF REVIEW

In a permissive appeal under Idaho Appellate Rule 12.1, the Court reviews the magistrate court's decision without the benefit of a district court appellate decision. *Lamont v. Lamont*, 158 Idaho 353, 356, 347 P.3d 645, 648 (2015). Decisions regarding child custody are committed to the sound discretion of the magistrate court, and the magistrate court's decision may be overturned on appeal only for an abuse of discretion. *Id.*; *McGriff v. McGriff*, 140 Idaho 642, 645, 99 P.3d 111, 114 (2004); *Moye v. Moye*, 102 Idaho 170, 171, 627 P.2d 799, 800 (1981). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Miller argues the magistrate court abused its discretion when it entered the judgment modifying custody because its findings and analysis do not support its decision that it is in the children's best interests to modify the custody schedule. Miller asserts that the magistrate court overprioritized adopting a simplistic order when the facts found supported only a modest change to the custody schedule. Ross responds that the magistrate court did not abuse its discretion because it considered all the relevant factors before making a decision.

"The burden rests with the party seeking to have custody modified to show that there has been a material, permanent and substantial change in the circumstances of the parties which warrants modification for the best interest of the child." *Strain v. Strain*, 95 Idaho 904, 905-06, 523 P.2d 36, 37-38 (1974). The question of whether a material, permanent, and substantial change in conditions exists is a preliminary question to what changes in the custody order would be in the

---

[2] Although Miller appealed from the denial of the motion to reconsider, she does not raise that issue in her appellate brief. Consequently, we will address only whether the magistrate court erred in modifying the custody schedule.

4

best interests of the child. *Doe v. Doe*, 161 Idaho 67, 72, 383 P.3d 1237, 1242 (2016). The Idaho Supreme Court has made it clear that whether a change in conditions is material or substantial depends upon the impact of the change on the children. *Id.* Accordingly, the modification analysis involves an interconnected consideration of material and substantial changes *and* the consideration of the best interests of the child. *Id.* This Court has explained that the best interests of the child must take precedence in any analysis regarding a material change in circumstances. *McGriff*, 140 Idaho at 647, 99 P.3d at 116.

In this case, neither party disputes the magistrate court's finding that there are substantial, material, and permanent changes in circumstances. Rather, Miller disagrees with the magistrate court's modification of the custody order based on the changed circumstances. Despite being the party that filed the motion to modify custody, which would significantly reduce Ross's custodial time with the children, Miller now argues the changes in circumstances warranted only a minor change to the already workable custody schedule; alternatively, she argues there should be no change to the custody schedule at all. Ross argues the changed circumstances did not warrant reducing his custodial time, and instead, made it more convenient for him to have additional time with the children.

In determining custody, whether in the initial divorce decree or a subsequent modification, the welfare and best interests of the children are of paramount importance. *Silva v. Silva*, 142 Idaho 900, 904, 136 P.3d 371, 375 (Ct. App. 2006); *Roeh v. Roeh*, 113 Idaho 557, 558, 746 P.2d 1016, 1017 (Ct. App. 1987). The controlling statute governing the best interests of the child, Idaho Code § 32-717, provides a non-exhaustive list of factors for the trial court to consider in making this determination. *Silva*, 142 Idaho at 904, 136 P.3d at 375. Included in the list are: the wishes of the child's parents; the wishes of the child; the interaction and interrelationship of the child with the parents and siblings; the child's adjustment to his or her home, school, and community; the character and circumstances of all the individuals involved; the need to promote continuity and stability in the life of the child; and domestic violence, whether or not in the presence of the child. I.C. § 32-717(1)(a)-(g). Although the court shall consider all relevant factors, the trial court must avoid considering irrelevant factors and avoid assigning too much weight to any particular factor. *Silva*, 142 Idaho at 904, 136 P.3d at 375.

Miller argues the magistrate court's findings and analysis do not support its conclusion that it is in the children's best interests to change the custody schedule to an alternating week on / week

5

off schedule. Miller asserts that the magistrate court failed to provide either the necessary factual findings or an analysis explaining how the change in the custody schedule was connected to the children's best interests. Thus, Miller argues this Court should vacate the decision and remand the case. Ross responds that the magistrate court did not abuse its discretion because it conducted the requisite analysis of the applicable law.

After considering the evidence, the magistrate court ruled from the bench regarding Miller's petition to modify child custody and Ross's counterclaim. Regarding best interests, the magistrate court recognized its decision regarding child custody was discretionary and cited I.C. § 32-717 as setting forth the factors to consider. The magistrate court outlined the relevant factors and summarily explained how the factors related to the evidence. The magistrate court then found there are substantial and material[3] changes in circumstances and that it is in the children's best interests that the custody schedule be modified to shared physical custody with a year-round week on / week off rotating schedule. When Miller asked for clarity regarding who should have the children when Ross worked nights, the court explained:

> Well, I'm glad you brought that up. So Casey works week on / week off, so obviously--or, sorry--wants--wants--sorry. I said "works." That's supposed--I couldn't read my own--wants week on / week off. Sorry about that.
> So, yes, if Casey is working overnight--well, let me think.
> . . . .
> Yeah, right. So--to--for the sake of clarity and for the sake of a more simplistic Order, I'm just going to order week on / week off.

There are two problems with the magistrate court's order for a week on / week off schedule. First, the magistrate court failed to make explicit factual findings. A finding of fact is a determination of a fact supported by the evidence in the record. *Searle v. Searle*, 162 Idaho 839, 846, 405 P.3d 1180, 1187 (2017). Statements that merely recite portions of the record which could be used in support of findings are not findings of fact. *Id.* As the Supreme Court reiterated in *Pottenger v. Charlton*, 172 Idaho 154, 530 P.3d 701 (2023):

> "When the court sits as the trier of fact, it is charged with the duty of preparing findings of fact and conclusions of law in support of the decision which it reaches." *In re Bd. of Tax Appeals, Appeal No. 16-A-1079*, 165 Idaho 433, 442, 447 P.3d 881, 890 (2019) (quoting *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 225, 646 P.2d 988, 996 (1982)). A "trial court must make findings upon each and every material issue arising from the pleadings, upon which proof is offered. Its failure to do so will necessitate a remand for additional findings, unless such

---

3    The magistrate court did not find or address whether the changes were permanent.

findings would not affect the judgment entered." *Perry Plumbing Co. v. Schuler*, 96 Idaho 494, 497, 531 P.2d 584, 587 (1975).

*Pottenger*, 172 Idaho at 161, 530 P.3d at 708. An abuse of discretion by the trial court occurs when the evidence is insufficient to support its conclusion that the welfare and interests of a child will be best served by a particular custody award. *Moye*, 102 Idaho at 172, 627 P.2d at 801.

In the instant case, following the evidentiary hearing, the magistrate court held a separate hearing where it summarized the testimony, made conclusions of law, and ordered a modification in the child custody schedule. Although the magistrate court stated that it was making findings of fact, it did not do so, in part because the court never identified upon which testimony it was relying. For example, the magistrate court stated, "First, we heard from Ms. Miller." The court then summarized Miller's testimony. The court noted, "We heard from Daniel Smith, who is [Miller's]'s boyfriend," and the court briefly summarized that testimony. The magistrate court also summarized Ross's testimony. Finally, the magistrate court noted, "We heard from Hailey Nielson [Ross's girlfriend] as well," and the court summarized her testimony. Although the magistrate court made some statements, statements that merely recite portions of the record which could be used in support of findings are not findings of fact. Consequently, the failure to make the requisite findings of fact necessitates a remand in this case.

Additionally, in making custody determinations, the court must thoroughly explore the ramifications, vis-à-vis the best interests of the children, of any change which is evident. *Doe*, 161 Idaho at 73, 383 P.3d at 1243. After finding there were substantial and material changes in circumstances, the magistrate court cited the factors in I.C. § 32-717 and summarized testimony relevant to I.C. § 32-717(a), (c), (d), (e), (f), and (g). After a review of those factors, the magistrate court found it in the best interests of the children to modify the custody schedule. In modifying the custody schedule to an alternating week on / week off schedule, the magistrate court reasoned that it was doing so to provide some continuity and stability in the children's lives and for clarity and a more simplistic order. However, the magistrate court failed to provide any analysis or reasoning to explain the connection between any of the substantial and material changes in circumstances and the court's conclusion that there needed to be improved continuity and stability. Similarly, the magistrate court did not connect the best interests of the children to a need for an alternating week on / week off custody schedule.

Once the magistrate court concluded there were substantial and material changes of circumstance, it should have determined whether those changes impacted the best interests of the

children and whether the custody order needed to be modified as a result of the impact on the children. The magistrate court's stated purpose of having a more clear and simplistic schedule cannot substitute for the required analysis because the modification analysis requires an interconnected consideration of the material and substantial changes and their impact on the children. *Doe*, 161 Idaho at 72, 383 P.3d at 1242. For example, the magistrate court provided no explanation for how the parties' changed income required a change in the custody schedule. Similarly, the magistrate court failed to connect Miller's move to a house closer to Ross or changes to the days the children were in school with its new custody schedule. Further, on this record, we do not see any connection between the changed circumstances and the evidence presented to justify the change to the custody order. Thus, the magistrate court did not act within the outer bounds of its discretion or reach its decision to modify the custody schedule based on an exercise of reason. Because we find an abuse of discretion on this ground, we need not address Miller's remaining argument.

The magistrate court failed to make the requisite factual findings, failed to analyze how the material and substantial changes affected the best interests of the children, and failed to find whether the best interests of the children required an alternating week on / week off custody schedule. As a result, we vacate the judgment modifying child custody and remand for further proceedings consistent with this opinion.

Ross requests attorney fees on appeal pursuant to I.A.R. 41 and I.C. § 12-121. This Court, in any civil action, may award reasonable attorney fees to the prevailing party. I.A.R. 41. Because Ross is not a prevailing party, he is not entitled to attorney fees. Miller did not request attorney fees on appeal.

## IV.

## CONCLUSION

The magistrate court abused its discretion when it modified the child custody schedule. The magistrate court's judgment modifying child custody is vacated and the case is remanded. Costs are awarded to Miller.

Judge LORELLO and Judge TRIBE, **CONCUR**.

8